IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GRECIA GUERRA | § |
| | § |
| V. | § |
| | § NO. 1:19-CV-944-RP-AWA |
| AUSTIN LESSEE LLC, | § |
| AND EMBASSY SUITES | § |
| MANAGEMENT LLC | § |

## ORDER

Before the Court is Plaintiff's Motion to Quash and Motion for Protective Order (Dkt. No. 15) and Defendants' Response (Dkt. No. 16). The District Court referred the motion to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules.

### I. Background

This litigation arises from an injury that occurred at the Embassy Suites Hotel, which is owned and operated by Defendants Austin Lessee LLC and Embassy Suites Mangagement LLC (together, "Defendants"). Plaintiff Grecia Guerra alleges that while exiting her hotel room, she "tried to stop the door from closing, but the door was very heavy and closed very quickly, causing her finger to get caught in the door," causing injuries. Orig. Pet. Dkt. 1-17. She filed this action against the hotel asserting claims for negligence and premises liability. Defendants removed the case to federal court and served various discovery requests on her. Guerra moves to quash Defendants' requests for her medical records. Dkt. No. 15.

### II. Legal Standard

"The scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (citing FED. R. CIV. P. 26(b)(1)). "A discovery request is relevant when the

request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004).

A court must quash or modify a subpoena that subjects a person to an undue burden. FED. R. CIV. P. 45(d)(3)(A)(iv). Whether a subpoena is reasonable "must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa*, 392 F.3d at 818 (citations and internal quotations omitted). "To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.*

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." FED. R. CIV. P. 26(d)(1). In the Western District of Texas, "[t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made." W.D. TEX. LOC. R. CV-7(i).

### III. Analysis

Defendants request documents such as "any and all medical records pertaining to Grecia Guerra" from July 27, 2018, to the present. Dkt. No. 15 at 1. Guerra argues that because the requests are not limited in scope or subject matter, the requests (1) are overly broad, (2) "violate Plaintiff's constitutional and statutory rights," (3) seek information not relevant or reasonably calculated to lead to the discovery of admissible evidence, and (4) are served in a prohibited form.

Defendants respond that Guerra failed to confer before filing the motion. Dkt. No. 16 at 2. Guerra does not dispute this and the record supports that finding. Her motion does not contain a

certificate of conference. Accordingly, the Court will deny Guerra's motion to quash for failure to confer before seeking court intervention.

Although the Court does not rule on the motion to quash, the Court notes that it agrees that any discovery requests for medical records should be reasonably related to the claims and defenses in this action and the specific injury that Guerra alleges. The Court suggests that the parties confer to narrow the scope of the requests for Guerra's medical records.

It is **THEREFORE ORDERED** that Plaintiff's Motion to Quash and Motion for Protective Order (Dkt. No. 15) is **DENIED WITHOUT PREJUDICE**.

SIGNED this 17th day of March, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE